R. Keelikolani v. Lonowahine et al.

## SUPREME COURT—IN BANCO..

## OCTOBER TERM—1880..

*Harris, C. J., Judd and McCully, J.J.*

## R. KEELIKOLANI vs. LONOWAHINE ET AL..

ON EXCEPTIONS.

THE WORDS in a deed in the Hawaiian language, "Ka aina kula a pau o Kahanui, ahupuaa ma Molokai, ma ko maua kuleana mahele hoi," construed to mean, "the entire kula (dry land) of the ahupuaa of Kahanui on Molokai, according to our right or share therein," that is, "our share in the land of Kahanui."

Opinion of the Court by HARRIS, C. J.

The complaint in this case sets forth that the defendants have taken into their possession the ahupuaa of Kahanui on Molokai unlawfully and the plaintiff claims the same by right of inheritance. It was tried before a native jury at the July Term of the Supreme Court holden at Honolulu, who returned a verdict for the defendant.

The plaintiff exhibits Royal Patent No. 2,709, which grants to L. Haalelea certain parcels of land described by survey situate in the ahupuaa of Kahanui and comprising 1,158 acres, and Royal Patent No. 6,824, based on Land Commission Award No. 7,755 to Kaluaokamano of certain other parcels of land in the same ahupuaa, surveyed and containing 1,428 acres.

It was made to appear at the trial that Kamokuholohewa was the widow of the original patentee, and they having no children she was entitled, on the decease of her husband, to one-half of his estate, and deeded her portion of the kula land of this ahupuaa to the late Levi Haalelea.. Haalelea's administrator sold the same to his late Majesty Kamehameha V,

whose heir at law is the plaintiff. The defendant at the trial disclaimed any title or right of possession to the premises set forth in the complaint excepting one undivided half of the premises set forth and described in Royal Patent No. 6,824, to which said half he set up a title, by the reason of a deed from the father of the original patentee, who by our law was heir to one-half of the land and by an agreement for partition with the father of Kamokuholohewa, dated 11th of June, 1874, the said father having become heir to his daughter Kamokuholohewa. The deed from the father of the patentee to this defendant is dated 6th of December, 1865. The deed from Kamokuholohewa to Levi Haalelea is dated 27th of March, 1855, and it contains the following expressions conveying "Ka aina kula a pau o Kahanui, ahupuaa ma Molokai, ma ko maua kuleana mahele hoi."

It must be remembered that the whole deed is in Hawaiian and was before a Hawaiian jury.

The bill of exceptions alleges that the Court instructed the jury that the deed from Kamokuholohewa referred to above would only give a share and not the whole of the land, for it purports to convey only a share obtained by a partition with some one else.

The counsel for the plaintiff contends that it may have been that Kamokuholohewa took the whole of this piece of land for her share.

If it were so, it rested on the plaintiff to show it, since it is the duty of the plaintiff to make out her title.

But such a construction, as is contended for by the plaintiff, is manifestly impossible, because by all the papers in the case, no partition had been made previous to the deed to Haalelea, which is the foundation to the plaintiff's title. This deed is dated in March, 1856, and the agreement of the defendant for a partition with the heir of Kamokuholohewa did not take place till the 11th of June, 1874.

In this view the only other construction of the Hawaiian

sentence would be, when rendered into English, we sell the entire kula of the ahupuaa of Kahanui on Molokai, according to our right to a share therein; that is to say that we sell our share in the kula of Kahanui.

This construction which, in our opinion, is the most accurate, would be no more favorable to the plaintiff, than that given by the Court. The deed certainly conveys only a share in the land.

The exceptions, therefore, are overruled.

A. S. Hartwell for plaintiff.

Castle & Hatch for defendant.

Honolulu, October 23, 1880.